IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN PAUL SINGH,<br><br>　　　Petitioner,<br><br>　　v.<br><br>COMMONWEALTH OF PA,<br><br>　　　Respondent. | No. 4:21-CV-00536<br><br>(Judge Brann) |

**MEMORANDUM OPINION**

**APRIL 21, 2021**

## I.     PROCEDURAL BACKGROUND

On March 24, 2021, Petitioner, Ryan Paul Singh, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania, initiated the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1]  Singh is seeking his release from confinement and challenging the legality of a Lancaster County criminal conviction/criminal prosecution.[2]  On April 9, 2021, Singh paid the filing fee.[3]

For the reasons that follow, the Court will transfer the above captioned action to the United States District Court for the District of Eastern District of Pennsylvania.

---

[1] Doc. 1.
[2] *Id*.
[3] Doc. 4.

## II.     DISCUSSION

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted.[4] 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is attacking the legality of a conviction and sentence which were entered in the Court of Common Pleas of Lancaster County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.[5]

As noted above, under § 2241(d), the District Court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application."  Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court

---

[4] *Fletcher v. Rozum*, 2008 WL 2609826 * 2 (E.D. Pa. 2008).
[5] *See* 28 U.S.C. § 118(a).

may transfer any civil action to any other district or division where it might have been brought." A District Court may transfer a habeas petition pursuant to § 1404(a).[6]

In the matter at hand, the state trial court, as well as any records, counsel, and other witnesses, are located within the Eastern District of Pennsylvania. As such, it would be prudent to transfer this action to that court.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] *See In re Nwanze*, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); *Fletcher*, 2008 WL 2609826 at * 2.